UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIAN R. WAGENER and <br> DONALD F. CHAMPOUX, <br><br> On behalf of themselves and on <br> behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SBC PENSION BENEFIT PLAN – <br> NONBARGAINED PROGRAM, <br><br> Defendant. | Civil Action No. 03-769 (RCL) <br><br> CLASS ACTION |

**STIPULATION AND ORDER**

Upon consideration of plaintiffs' and defendant's Joint Motion [38] for Entry of Protective Order Governing Confidentiality, the applicable law and the entire record herein, it is hereby

ORDERED that plaintiffs' and defendant's Joint Motion [38] for Entry of Protective Order Governing Confidentiality is GRANTED. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties,

ORDERED:

1. <u>Definitions</u>

    1.1 "Party" is any natural person or any business, legal or governmental organization,

association, corporation, partnership or entity, whether or not a named-party who produces or receives discovery material in this action.

1.2   "Named-Party," "named-party" or "named party" means a named plaintiff or named defendant to this action.

1.3   "Producing party" is a party that produces discovery material.

1.4   "Receiving party" or "recipient" is a party that receives discovery material.

1.5   "Redacting party" is a receiving party that redacts Confidential Discovery Material produced to it by a producing party as set forth below.

1.6   "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 3 4(a).

1.7   "Discovery Material," "Material," "discovery material" and "material" are synonymous in meaning and mean any or all documents and/or information produced to a receiving party, whether pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Court for the District of Columbia, statute, subpoena, agreement or otherwise. Such material includes but is not limited to documents produced pursuant to Fed. R. Civ. P. 34 or 45, interrogatory answers produced under Fed. R. Civ. P. 33, admissions produced under Fed. R. Civ. P. 36, and deposition testimony given pursuant to Fed. R. Civ. P. 30 or other testimony given at any court hearing or trial.

1.8   "Confidential Discovery Material," "Confidential Material," and "confidential material" are synonymous in meaning and mean:

(a)   Documents and/or information relating to the specific benefits paid or due to an individual plan participant that contain or reveal Personal Identifiers as defined below in

§1.9;

      (b)    Documents and/or information involving a trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c);

      (c)    Documents and/or information that the producing party believes in good faith constitute Confidential Material (such as information that the party believes is protected by the attorney-client privilege as to third parties).

    1.9    "Personal Identifiers" means information that would reveal the identity of a present or former participant or beneficiary of an employee benefit plan, including the participant's name, address, date of birth, telephone number, social security number, or driver's license number.

2.    <u>Rules Governing Designation and Redaction of Discovery Material</u>

    2.1    Discovery material shall not be redacted to remove Personal Identifiers before production to the receiving party or parties.  [The receiving party may elect to redact the Personal Identifiers pursuant to section 7 of this Stipulation; otherwise discovery material containing Personal Identifiers designated Confidential is subject to section 3.4.]

    2.2    A recipient of material that has been designated Confidential may object to such designation by notifying the producing party in writing.  The material will be treated as Confidential until the parties reach agreement or the dispute is resolved by the Court.  If the dispute cannot be resolved informally, the party who designated the material as Confidential must seek Court redress within thirty (30) calendar days of an initial written objection (not counting the date of the initial objection).  If the designating party fails to seek redress by that

time, the material shall be treated as Non-Confidential.  The burden of proof to establish Confidentiality shall at all times be on the party who designated the material as Confidential.  Such party must establish good cause by a preponderance of the evidence that the documents and/or information should be designated Confidential and a legal basis for doing so; for example, because (1) disclosure would cause significant harm to the competitive or financial position of SBC Communications Inc. or the providing party and the harm from disclosure would outweigh the benefit to the public from disclosure; (2) disclosure would compromise the personal or financial privacy interests of a present or former employee of an SBC Communications Inc. affiliate, or the privacy interests of a present or former participant or beneficiary of any employee benefit plan sponsored by SBC Communications Inc. or any of its affiliates; or (3) disclosure would compromise the status of information or a document as privileged as against persons other than participants and beneficiaries of the SBC Pension Benefit Plan-Non-Bargained Program.

     2.3    A party may designate material as Confidential whether or not it produced the material.

     2.4    Material may be stamped "Confidential" but material inadvertently not designated as Confidential may be so designated by written notification so long as such notification specifically identifies each page of each document or each item of information claimed to be Confidential. For purposes of this provision, providing a beginning and ending Bates range of the affected pages shall suffice.

     2.5    Stamping a "Confidential" legend on the cover of any multi-page document shall be sufficient to designate the entire document as Confidential.

     2.6    Information disclosed in response to a written discovery request (i.e., interrogatory

responses) may be designated as Confidential by so indicating in the written response.

   2.7 At any deposition taken in this action, a Party may designate the deposition transcript or a portion thereof as Confidential Material and request the reporter to insert a statement regarding the confidentiality of the information on to each applicable page of the deposition transcript or may have until thirty (30) days after receipt of the deposition transcript within which to inform the other Party, in writing, that portions of the transcript are so designated.  All depositions shall be treated as Confidential Material for thirty (30) days or until the person to whom the Confidential Material belongs makes a designation, whichever occurs first.

3. <u>Safeguards to Protect Confidentiality</u>

   3.1 Confidential Material, including Material obtained, derived or generated from Confidential Material, will not be used for any purpose other than preparation for the trial of this action, at the trial of this action, and post-trial litigation relating to this action.

   3.2 Persons that may have access to Confidential Material that does NOT contain Personal Identifiers are:

    (a) The Court and all Court personnel (including all court reporters employed by the Court and all mediators);

    (b) Court reporters employed in connection with this action;

    (c) Counsel of record in this action, members of their law firms, and attorneys, paralegals, clerical personnel and other persons, agents, contractors or sub-contractors who are employed, engaged or retained by such counsel to assist in the prosecution or defense of this action;

    (d)  The Named Parties (including any fiduciary with respect to the Defendant Plan) and officers, directors, and employees, and insurers of subsidiaries of SBC Communications Inc. to the extent necessary to assist counsel in the prosecution or defense of this action.

    (e)  Actual and potential witnesses (and their counsel).

    (f)  Experts or consultants (and employees of such experts or consultants) consulted for the purpose of being retained by any party in connection with this action;

    (g)  Vendors (including copy centers) retained for purposes of this litigation;

    (h)  Any other person whom the party producing the Confidential Material or this Court authorizes;

    (i)  Persons with prior knowledge of the Confidential Material at issue or to whom the Confidential Material exclusively pertains; and

    (j)  Any person who is indicated on the face of the document to have been an author, addressee, or copy recipient.

  3.3  Persons described in 3.2(e), 3.2(f), and 3.2(g) above shall not be shown Confidential Material without first signing the agreement to be bound by this Confidentiality Stipulation and Order that is attached as Exhibit A.  Any party serving a subpoena or notice of deposition or other comparable process calling for testimony in this matter shall serve with said process a copy of the signed Confidentiality Order in this matter.  The Court hereby orders any person appearing to testify at a deposition or other proceeding pursuant to such process, whether in his or her own capacity or on behalf of an entity, to execute the agreement to be bound by this Stipulation and Order that is attached as Exhibit A, hereto, prior to being shown any confidential

material as defined in this Order.

3.4     Persons that may have access to Confidential Material that contains Personal Identifiers are:

(a)     Counsel of record in this action, members of their law firms, and attorneys, paralegals, and clerical staff of those law firms;

(b)     The Court and all Court Personnel, if requested by the Court; and

(c)     Vendors retained for purposes of this litigation who are contractually bound to maintain the confidentiality of documents and all other materials reviewed in connection with this suit, who have agreed to the terms of Exhibit A, and who have been mutually agreed to by the parties, or if agreement cannot be reached, who have been approved by the Court after the party opposing their designation has been given notice and an opportunity to state the grounds for believing that the vendor is unsuitable.

It is the intent of the Parties that, to the extent it is necessary to use discovery material that contains Personal Identifiers in connection with this Case, the Personal Identifiers will be redacted pursuant to Paragraph 7.

4.      Filing Restrictions for Confidential Material

4.1     Confidential Discovery Material, including pleadings, motions or other papers that disclose any Confidential Material, shall be filed under seal.

4.2     Such Confidential Discovery Material shall be placed in a sealed envelope or other sealed container at the time of filing that will be conspicuously marked with a statement including the following items in accordance with Local Civil Rule 5.1(j):

(a)     The phrase: "Documents Under Seal" or "Documents Subject to a

Protective Order,"

      (b)    Case Number,

      (c)    Title of the Court,

      (d)    A Descriptive Title of the Documents,

      (e)    A Case Caption (unless the caption is also to be filed under seal).

5.    <u>Non-Disclosure of Confidential Discovery Material; Unauthorized Disclosure</u>

No receiving party will disclose, describe, or otherwise communicate Confidential Material except as permitted by this Stipulation and Order or as required by other applicable law. In the event that Confidential Material is disclosed to any person or entity not authorized to receive such information under the terms of this Stipulation and Order, the party responsible for having made or who otherwise has knowledge of the disclosure shall (1) inform counsel for all named parties (and the producing party, if applicable) of the disclosure within three (3) business days of learning of the disclosure, and (2) advise counsel for all named parties (and the producing party, if applicable) of the nature and circumstances of the disclosure. The party responsible for the disclosure shall arrange for the return of the Confidential Material and shall take measures necessary to prevent any additional unauthorized disclosure.

6.    <u>Non-Termination</u>

The provisions of this Stipulation and Order will continue to be binding through and after the final conclusion of this action unless otherwise agreed in writing by the parties or ordered by the Court. Within thirty (30) days after final conclusion of all aspects of this action including any appeals, any person who received Confidential Material must destroy all such material except for copies of papers filed or submitted to the Court containing Confidential Material.

7. <u>Redaction of Personal Identifiers</u>

  7.1 Confidential Material relating to specific benefits paid or due individual participants that is only designated as Confidential Material due to the Personal Identifiers contained therein will no longer be Confidential Material when Personal Identifiers are redacted.

  7.2 Named parties waive any objections to the admission of such redacted Material on the grounds of incompleteness because of the redaction of Personal Identifiers.

  7.3 The redacting party will replace Personal Identifiers in any material where they are found with corresponding, unique identifiers that do not reveal the identity of the person to which they pertain. The redacting party will provide all counsel of record with a "key" for deciphering these unique identifiers such that they correspond to and reveal individual plan participants' Personal Identifiers.

8. <u>Scope of Discovery</u>

  No provisions of this Stipulation and Order shall be construed to require the production of any Material that is protected by the attorney-client privilege, work-product doctrine privilege or any other applicable privilege.

9. <u>Inadvertent Production of Privileged Material</u>

  Subject to any ruling by the Court to the contrary, the inadvertent production of material pursuant to this Stipulation and Order will not waive the rights of a producing party to later object on privilege grounds to the use of that material or demand its return. Within (10) business days of receiving written notice of any claimed inadvertent production, the receiving party shall return all such material that is subject to a claim of privilege, or write the party claiming privilege stating the reasons why it disagrees with the claim of privilege. In the event that there is a dispute

over whether the material at issue was privileged at the point at which it was inadvertently produced, the receiving party shall not further use or disclose the material unless and until the Court finds the material is not privileged. Either party may move the court to resolve the dispute, but it shall be the burden of the party claiming privilege to establish the grounds for the privilege claimed.

10.     <u>Rights Reserved</u>

(a)     This Stipulation and Order is without prejudice to the right of any party to apply to the Court for a modification of this Stipulation and Order or such further protective order as justice may require.

(b)     Nothing in this Stipulation and Order shall restrict the use of documents and/or information designated "confidential" in this Case if the document and/or information:

(i)     Is in the public domain, publicly disseminated, publicly available or otherwise widely available;

(ii)    Was provided to the recipient voluntarily by a Plan participant or with the written consent of the participant; or

(iii)   Is used by the party producing the document and/or information for a proper purpose in the course of his or its own business or activities.

(c)     Nothing in this Stipulation and Order constitutes a waiver of any objection to the admissibility of any document or information produced in this Case and designated as "confidential."

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, January 20, 2006.