UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARIAN R. WAGENER and DONALD F. CHAMPOUX, et al., On behalf of themselves and on behalf of all others similarly situated, | ) ) ) ) ) | Civil Action No. 03-769 (RCL) |
| Plaintiffs, | ) ) ) | CLASS ACTION |
| v. | ) ) |  |
| SBC PENSION BENEFIT PLAN – NON-BARGAINED PROGRAM, | ) ) ) |  |
| Defendant. | ) ) |  |

**MEMORANDUM OPINION**

This matter comes before the Court on plaintiffs' Motion [84] to Modify Protective Order, which has been fully briefed. Also before the Court is plaintiffs' unopposed Motion [89] to Extend the Discovery Deadline. Upon consideration of these filings, the relevant statutes, and case law, plaintiffs' motion [84] shall be GRANTED in part and DENIED in part. Plaintiffs' motion [89] shall be GRANTED.

**I. BACKGROUND**

The factual and procedural history of this case, which has been fully set out in a previous opinion of the Court will not be repeated here. See Wagener v. SBC Pension Benefit Plan, Civ. A. No. 03-769, 2007 WL 915209 (D.D.C. March 26, 2007) ("Wagener I"). For the purposes of the present motion, it suffices to recount the information that follows. The named plaintiffs in this suit represent a class of employees who received an enhanced pension benefit from

defendant SBC Pension Benefit Plan–Non-Bargained Program ("the Plan"), in connection with an early retirement program ("EPR").  SBC Communications, Inc. ("SBC") is the Plan sponsor and is a named fiduciary of the Plan.  The Benefit Plan Committee ("BPC") is another named fiduciary of the Plan, and has primary responsibility for the review of claims for benefits under the Plan.  Plaintiffs filed suit against the Plan on March 27, 2003 under the Employee Retirement Income Security Act ("ERISA"), § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  Plaintiffs alleged that defendant's improper calculation of benefits under the terms of the EPR led to the wrongful denial of plaintiffs' claims.  This Court dismissed plaintiffs' complaint on March 29, 2004, finding that BPC's interpretation of the amendments that required the use of actual base pay rather than the basic rate of pay, in computing the Average Annual Compensation (the "actual base pay amendments"), was reasonable.

Plaintiffs appealed.  See Wagener v. SBC Pension Benefit Plan – Non-Bargained Program, 407 F.3d 395 (D.C. Cir. 2005).  The D.C. Circuit remanded the case to this Court to determine (1) whether the interpretation of "actual base pay" rendered by the BPC "or other Plan fiduciaries with responsibility for construing and administering the Plan" was inconsistent with the Plan's equal treatment clause; and (2) whether BPC operated under a conflict of interest at the time it made its decisions.  See id. at 402, 404.  Since the case was remanded, this Court entered a protective order limiting discovery to the two issues outlined by the D.C. Circuit.  See Wagener I, 2007 WL 915209, at *6.  Following the Court's entry of the protective order, plaintiff submitted a motion for leave to file a First Amended Complaint, which was unopposed by defendant.  This Court granted plaintiffs' motion for leave to file, deeming the amended complaint filed as of March 26, 2007.  Presently before the Court is plaintiffs' motion to modify

the protective order based upon new allegations set forth in plaintiffs' First Amended Complaint.

## II.  ANALYSIS

**A.    Legal Standard**

A participant or beneficiary of an employee benefit plan may file suit under ERISA Section 502(a)(1)(B) "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, (1989), the Supreme Court held that federal courts must apply a de novo standard of review to a denial of benefits challenged under section 1132(a)(1)(b), "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  "In this later category of cases, the standard of review—variously described by the Court as 'arbitrary and capricious' and 'abuse of discretion' review—is plainly deferential."  Wagener, 407 F.3d at 402 (citing Firestone, 489 U.S. at 111–15.).  Courts within this jurisdiction have allowed discovery in order to determine whether a conflict of interest exists because "information regarding a potential conflict of interest will be relevant to the trial court's determination of the applicable standard of review."  See, e.g., Hurley v. Life Ins. Co. of N. Am., 2006 WL 1883406, at *3 (D.D.C. July 9, 2006); Pulliam v. Cont'l Cas. Co., 2003 WL 1085939, at *3 (D.D.C. Feb. 27, 2003).  At this time, however, this Court will not determine which standard applies in the instant case.

**B.    Expanding the Scope of Discovery**

The March 26, 2007 protective order currently precludes plaintiffs from seeking information related to SBC's interpretation and application of the Plan.  This Court previously

stated that as of the time the protective order was entered, plaintiffs had failed to "sufficiently argue that SBC had the final authority in determining the claims." Wagener I, 2007 WL 915209, at *7.  Plaintiffs now ask this Court to modify the protective order to permit discovery of documents and testimony regarding SBC's interpretation, application, and implementation of the Actual Base Pay Amendments.  Plaintiffs' primary argument for why modification is necessary is that having had the benefit of discovery, plaintiffs now allege that "SBC actually controlled the outcome and rationale of the BPC decision making process and was the de facto decision maker" of the denied claims at issue in this suit.  Pl.'s Mot. to Modify Protective Order at 2 [hereinafter "Pl.'s Mot."].  Plaintiffs assert that if, in fact, SBC exercised de facto control of the decision making process, then it is SBC's interpretations and applications of the relevant Plan provisions that are at issue here, rather than the interpretations and applications of the BPC.  See id. at 3.  Plaintiffs further argue that if their allegations are proven, this Court must review the benefit determinations de novo rather than applying the deferential standard of review that might otherwise be warranted.  See Firestone, 489 U.S. at 115 (holding that "denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan").  Plaintiffs claim that they must be permitted to conduct discovery on whether their allegations are true so that this Court may determine the applicable standard of review.

  Defendant contends that the mere fact that the BPC reached a construction of the Plan similar to that which may have been given by SBC employees is no proof that the BPC did not make the decisions itself.  See Def.'s Opp'n at 2–5.  Defendant's argument falls short since

plaintiffs do not wholly rely upon the fact that the BPC's ultimate determination matched SBC's initial determination to justify their request for a modified protective order or to prove their underlying claim.  Rather, plaintiffs' First Amended Complaint includes detailed allegations that SBC, acting through employees who were not members of BPC, provided participant claimants with varied rationales for denials in the name of the BPC while neither entity actually reviewed the Plan.  See Am. Compl. ¶¶ 69–145.  The amended complaint also alleges that, in some cases, SBC developed and disseminated its interpretation of the Plan to claimants without first presenting its interpretations to the BPC.  See id. at ¶¶ 109–13, 126–28.

      Defendant further claims that since this Court has already held that only authoritative interpretations of the BPC determine the construction of the Plan, information concerning other thoughts about interpretation by employees of SBC is irrelevant to the dispute at hand.  See id. at 11 (citing Wagener I, 2007 WL 915209, at *3, *6–7).  This Court does not ignore that section 3.5.4 of the Plan provides the BPC with final and exclusive authority to make claims decisions and interpret the Plan.  Def.'s Opp'n at 11 n.5.  Plaintiffs make sufficiently detailed allegations, however, that SBC usurped the BPC's authority when it made the decision to deny benefits to the named plaintiffs and the class.  If plaintiffs' allegations are proven, deferential review of the Plan's benefit decisions will be forfeited.  See Sanford v. Harvard Indus., Inc., 262 F.3d 590, 597 (6th Cir. 2001) (adopting de novo review where a decision to revoke benefits is made by an unauthorized party); Sharkey v. Ultramar Energy Ltd., 70 F.3d 226, 229–30 (2nd Cir. 1995) (refusing to apply deferential review where benefits decision was made by executives of the sponsor who were not members of the Pensions Committee).

      Defendant further argues that nothing in the allegations plaintiffs advance in the amended

complaint change the scope of the two issues remanded by the D.C. Circuit for determination in this Court: (1) whether the BPC's decisions were tainted by conflicts of interest; and (2) whether the BPC complied with the equal treatment clause of the Plan. See Def.'s Opp'n at 5–6; Wagener, 407 F.3d at 402, 404. According to defendant, plaintiffs are not entitled to the expanded discovery they seek because it is not directed to either of the two issues to be decided in this suit. See id. at 7. Plaintiffs' First Amended Complaint alleges that SBC, acting as a de facto decision maker, decided to reject claims of EPR participants based on SBC's explicit consideration of its financial self-interest. See Am. Compl. ¶¶ 48–63. Based on these allegations, the factual issue of who actually made the benefit determination must be resolved before this Court can properly decide whether or not to uphold the benefits determination. See Sharkey, 70 F.3d at 229. This Court is therefore satisfied that the allegations set forth in plaintiffs' First Amended Complaint now show that information outside of the BPC's administrative record—that is, information related to the interpretations of SBC employees—is directly relevant to determining questions of a conflict of interest. The amended complaint does not, however, allege with sufficient detail that SBC, rather than BPC, violated the Plan's equal treatment clause. See id. ¶¶ 64–68. For these reasons, this Court shall grant plaintiffs' motion to modify the March 26, 2007 protective order in part and deny it in part for the limited purpose of conducting discovery related to SBC's role in the decision making process and a conflict of interest by SBC.

**C.     Plaintiffs' Request for Production No. 2**

Consistent with plaintiffs' request for modification of the protective order, plaintiffs seek permission to serve again its Request for Production No. 2 ("Request No. 2"). See Pl.'s Mot. at 4.

Request No. 2 seeks all documents concerning the interpretation, application, or implementation of the Actual Base Pay Amendments, including documents created or considered outside of the BPC. See id. In its response to Request No. 2, defendant produced administrative records for the claimants who challenged the computation of the Enhanced Grandfathered Benefit under the EPR program, documents reflecting instruction to the Service Center concerning that benefit, and documents and information sufficient to demonstrate the programing used to calculate the relevant benefits. See Def.'s Opp'n at 10. Defendant objected to the request insofar as it sought information concerning the history or the adoption of the Plan's provisions or information outside of the administrative records upon which the BPC's interpretation of the EPR benefit was made. See id. at 9. In its opposition to plaintiffs' instant request that this Court modify the protective order, defendant argues that "thoughts on [the Actual Pay Amendment] by employees of SBC are irrelevant to any issue that was decided (or was even before) the BPC." Id. at 10. Defendant further contends that SBC interpretations are irrelevant unless they pertained to the issues remanded by the D.C. Circuit and were made by a fiduciary with authority to interpret the Plan. Id. While this Court agrees that the Plan provides SBC with no express authority to construe the Plan, it is necessary for the Court to determine whether there is merit to plaintiffs' allegations that SBC exercised de facto control of the final benefit determinations. For these reasons, this Court finds that plaintiffs must be given a limited opportunity to discover evidence to support their claims. As such, this Court shall afford plaintiffs an opportunity to submit a modified version of Request No. 2 that is limited to documents that are relevant to (1) SBC's interpretation, application, or implementation of the relevant Plan provisions; and (2) a conflict of interest by SBC in arriving at its decision.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion to modify the March 26, 2007 protective order shall be granted in part and denied it in part.  Further, plaintiffs' motion to extend discovery is granted and discovery shall be extended in accordance with the Court's Order.  Plaintiffs shall file a modified discovery request consistent with this Opinion and in accordance with a separate Order that shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on January 7, 2008.