**FINAL ORDER AND JUDGMENT**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIAN R. WAGENER and<br>DONALD F. CHAMPOUX, *et al.* | §<br>§<br>§ | |
| Plaintiffs | §<br>§ | C.A. No. 1:03CV00769 (RCL) |
| v. | §<br>§ | FILED |
| SBC PENSION BENEFIT PLAN—NON<br>BARGAINED PROGRAM | §<br>§<br>§ | JAN 2 3 2009 |
| Defendant. | §<br>§ | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT
AND DISMISSING THIS ACTION WITH PREJUDICE**

This Lawsuit is a class action brought by Plaintiffs Marian R. Wagener and Donald F. Champoux ("Plaintiffs" or "Named Plaintiffs") individually, and on behalf of the Class they represent, against Defendant SBC Pension Benefit Plan—Non Bargained Program ("Defendant" or "Plan"). Pursuant to Fed. R. Civ. P. 23(b)(1)(A), 23(b)(1)(B), and 23(b)(2), a mandatory class action was certified by the Court on September 21, 2005 of all persons or the beneficiaries, estates or alternate payees of such persons, whose Pension Compensation for purposes of the Enhanced Grandfathered Benefit ("EGB") under the EPR Program of the Plan was or will be calculated by excluding pay for work performed during the period for which Average Annual Compensation was calculated without any adjustment having been made in such calculation to compensate for such exclusion.

Plaintiffs, on behalf of themselves and the Class Members, and Defendant have agreed to settle this class action suit (the "Lawsuit") on the terms and conditions set forth in the Class Settlement Agreement dated July 28, 2008 (the "Settlement Agreement" or "Agreement"), the

**FINAL ORDER AND JUDGMENT**

original of which is filed with the Clerk of the Court.[1] The Parties have together applied to this Court for approval of the Settlement Agreement and its terms pursuant to Fed. R. Civ. P. 23(e). On November 13, 2008 the parties filed a Joint Motion for Preliminary Approval of Amendment to Class Action Settlement, and Memorandum of Points and Authorities in Support ("Amendment"). This Amendment provided for comparable Settlement Awards to 55 newly identified Plan Participant Class Members ("Amendment Class Members").

On July 31, 2008, the Court entered an Order Preliminarily Approving Settlement And Approving Notice To The Class, directing that Notice be given to the Class Members of the proposed Settlement Agreement and of a Fairness Hearing. The Court approved the form and content of the mailed Notices directed to Known Class Members and the Publication Notice which were attached as Exhibits to the Settlement Agreement. The Notices informed the Class Members of the settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval of the Settlement Agreement; (ii) whether the Court should enter final judgment dismissing the Lawsuit with prejudice; (iii) whether the Court should approve the amount of attorneys' fees, costs, and expenses to be awarded to Class Counsel; (iv) whether the Court should approve the amount of compensation to be paid to the two Named Plaintiffs for their contributions to the Class; and (v) any objections by Class Members to any of the above.

On November 21, 2008, the Court entered an Order Preliminarily Approving the Amendment and Approving Notice to the Amendment Class Members, directing that Notice be given of the Amendment and of a Fairness Hearing on the Amendment. The Court approved the form and content of the mailed Notice directed to the 55 Amendment Class Members which was

---

[1] Unless otherwise specifically defined herein, the capitalized terms used in this Final Order and Judgment ("Judgment") have the same meaning as defined in the Settlement Agreement.

**FINAL ORDER AND JUDGMENT**

attached to the Amendment as Exhibit A. ("Amendment Notice") The Notices informed these Class Members of the settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval of the Settlement Agreement; (ii) whether the Court should enter final judgment dismissing the Lawsuit with prejudice; (iii) whether the Court should approve the amount of attorneys' fees, costs, and expenses to be awarded to Class Counsel; (iv) whether the Court should approve the amount of compensation to be paid to the two Named Plaintiffs for their contributions to the Class; and (v) any objections by Class Members to any of the above.

In accordance with the Notice sent to the originally known Class Members, a Fairness Hearing was held on November 21, 2008. One objection to the Settlement Agreement was filed with the Court and/or made at the Fairness Hearing by an individual who is not a member of the Class.

In accordance with the Notice to Amendment Class Members, a Supplemental Fairness Hearing on the Amendment was held on January 23, 2009. No objections to the Amendment were filed with the Court and/or made at the Fairness Hearing on the Amendment.

The Court, having heard argument on behalf of the Plaintiffs and all Class Members and the Defendant in support of the Settlement Agreement and Amendment, and having reviewed all of the evidence and other submissions presented with respect to the Settlement Agreement and Amendment, and the record of all proceedings in this case, enters the following findings:

1. The Court has jurisdiction over the subject matter and the Parties to this Lawsuit, including the Class Members.

2. The Class Members are: All persons, or the beneficiaries, estates or alternate payees of such persons, whose Pension Compensation for purposes of the EGB under the EPR

**FINAL ORDER AND JUDGMENT**

Program of the Plan was or will be calculated by excluding pay for work performed during the period for which Average Annual Compensation was calculated without any adjustment having been made in such calculation to compensate for such exclusion.

3.     The Settlement Agreement and Amendment, together with all exhibits (as filed with the Court), are incorporated in this Judgment.

4.     During the period August 21, 2008 through August 26, 2008, the Claims Administrator caused the Qualified and Non-Qualified Notices of Settlement to be mailed to all Known Class Members (except for the Amendment Class Members). On November 14, 2008, the Claims Administrator filed with the Court proof of mailing of those Notices to all Class Members except the Amendment Class Members. On July 29, 2008, Class Counsel also published the Notices of Settlement on the website dedicated to this litigation, www.EPRClassAction.com pursuant to the terms of the Settlement Agreement.

5.     On August 28, 2008, the Claims Administrator caused the Publication Notice to be published in the *USA Today* on a nationwide basis. On November 14, 2008, the Claims Administrator filed with the Court proof of such publication.

6.     On November 26, 2008, the Claims Administrator caused the Amendment Notice to be mailed to the Amendment Class Members. On November 21, 2008 Class Counsel published the Amendment Notice on the website dedicated to this litigation, www.EPRClassAction.com.

7.     In response to the 3,801 notices mailed to the originally known Class Members (in addition to the Publication Notice), no Class Member filed an objection to the Settlement Agreement prior to the Fairness Hearing. No objections were presented at the Fairness Hearing. In response to the 55 notices mailed to the Amendment Class Members (in addition to the

**FINAL ORDER AND JUDGMENT**

Publication Notice), no Class Members filed objections to the Settlement Agreement prior to the Supplemental Fairness Hearing. _No_ objection(s) ~~was~~/were presented at the Supplemental Fairness Hearing.

8. Notice to all Class Members has been given in an adequate and sufficient manner and the Notices given constitute the best notice practicable under the circumstances, and were reasonably calculated to apprise interested parties of the pendency of this Lawsuit, the nature of the claims, the definition of the Class, and their opportunity to present their objections to the Settlement Agreement and Amendment. The notices complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

9. After considering (i) whether the Agreement and Amendment were the products of fraud or collusion; (ii) the complexity, expense, and likely duration of the Lawsuit; (iii) the stage of the proceedings and amount of discovery completed; (iv) the factual and legal obstacles to prevailing on the merits; (v) the possible range of recovery and the difficulties of calculating damages; and (vi) the respective opinions of the Parties, including Plaintiffs, Class Counsel, Defendant, and Defendant's Counsel, the Court finally approves the Settlement Agreement and Amendment in all respects as fair, reasonable, adequate, and in the best interests of the Class Members pursuant to Fed. R. Civ. P. 23(e). All objections to the Settlement Agreement and/or the Amendment have been fully considered by the Court and are hereby all overruled. No Class Member may opt-out of the Settlement Agreement or the Amendment. The terms of the Settlement Agreement and Amendment, including all Exhibits, shall be forever binding on the Class Members.

**FINAL ORDER AND JUDGMENT**

10. Class Counsel have sought an award for attorneys' fees and all expenses (other than the expense of notice up to $75,000 paid from the Total Settlement Amount) in an amount equal to 30% of the original Total Settlement Amount of $16 million, *i.e.*, $4.8 million. Based on the evidence presented by Class Counsel, the Court finds _30_ % of the original Total Settlement Amount of $16 million, *i.e.*, $ _4,800,000_ to be fair and reasonable compensation and reimbursement for the work of Class Counsel in obtaining this Settlement in light of the substantial risk of non-recovery and the deference normally accorded plan fiduciary benefit denials, the results obtained, the time and resources expended in prosecuting this action, the complexity of the legal and factual issues, and the diligence of counsel.

11. The Named Plaintiffs, Marian R. Wagener and Donald F. Champoux, seek, in addition to their allocable shares of the Class recovery, an additional $3,000 each for the time expended in pursuit of these claims, their diligence, and the benefits obtained by the Class. The Court finds that such additional payment to each from the Total Settlement Amount is fair and reasonable.

12. The Court recognizes that Defendant has denied and continues to deny Plaintiffs' and Class Members' claims. Neither the Settlement Agreement, the Amendment, this Judgment, any papers related to the Settlement Agreement or the Amendment, nor the fact of Settlement shall be used as an admission of the Defendant, or any other person, of any fault, omission, mistake, or liability, and shall not be offered as evidence of any claimed liability in this or any other proceeding. Evidence of the Settlement Agreement, the Amendment, and this Court's orders approving same shall be admissible only in proceedings to enforce the Agreement, the Amendment, or this Judgment, but not as an admission of liability in the underlying Lawsuit.

It is, therefore, ORDERED, ADJUDGED, AND DECREED that:

**FINAL ORDER AND JUDGMENT**

1. The Parties shall carry out all the terms of the Settlement Agreement and the Amendment, including the payment of the Settlement Benefits by Defendant and the AT&T Non-Qualified Plan to the Known Class Members in accordance with the terms of the Agreement and the Amendment, and the Plan Participant Lists dated July 25, 2008 and November 11, 2008, that Defendant transmitted to Class Counsel in connection with the Agreement and the Amendment. The Court finds this allocation of the Settlement Benefit to be fair, reasonable, adequate, and in the best interests of the Class Members.

2. Each Class Member is bound by this Judgment and, as a result of it, has fully, finally, and forever released and discharged the Plan, AT&T, and the AT&T Non-Qualified Plan ("Releasees") from the claims asserted in this case and those that could have been asserted in it as set forth below. Specifically, Plaintiffs and all Class Members claiming by, through, or under the Listed Plan Participants, individually and on behalf of anyone acting on behalf of or for the benefit of Plaintiffs or Class Members claiming by, through, or under the Listed Plan Participants, including, but not limited to, agents, attorneys, predecessors, successors, insurers, administrators, heirs, executors and assigns ("Releasors"), has released and discharged Releasees as follows (as set forth in the Settlement Agreement):

> A. Releasors release, acquit, and forever discharge the Releasees from any and all past, present, and future causes of action, claims, damages, awards, equitable, legal, and administrative relief, interest, demands, or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part, the allegations, facts, subjects, or issues that have been, could have been, may be, or could be set forth or raised in this Lawsuit, or that concern or relate in any way to the EGB or the EPR Program, except as provided in the following sentence. Notwithstanding the foregoing, Releasors do not release, acquit, or discharge any claims that they, or the putative class representatives seeking to represent any of the Releasors, have asserted in *Parsons, et al. v. AT&T Pension Benefit Plan, et al.*, 06-CV-552 (D. Conn.) (CFD); the Releasors also do not release, acquit, or discharge any individual claim of any Class Member concerning the calculation of

    his EGB, other than the claims actually asserted in this Lawsuit, that, prior to **November 21, 2008 (January 23, 2009 for the 55 Amendment Class Members)** was filed with the Plan in writing as a claim under the Plan.

B.  Releasors, without limitation, are precluded and estopped from bringing in the future any claim or cause of action released in the preceding subparagraph.

C.  Releasors acknowledge that they are releasing both known and unknown and suspected and unsuspected claims and causes of action, and are aware that they may hereafter discover legal or equitable claims or remedies presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations and subject matters in the Lawsuit, or that concern or relate in any way to the EGB or the EPR Program. Nevertheless, by operation of this Judgment, Releasors fully, finally, and forever settle and release all such matters, and all claims and causes of action relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in this Lawsuit).

D.  Releasors expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provide that a general release does not extend to claims that a creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor. Notwithstanding the choice of law provision in the Agreement, to the extent that California or other law may be applicable and enforceable, Releasors hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here, are hereby knowingly and voluntarily waived and relinquished by Releasors, and Releasors agree and acknowledge that this provision is an essential term of the Agreement and this Release.

E.  Releasors further agree that no third-party shall bring any Released Claims on behalf of any Releasor against any Releasee. Should any third-party do so, Releasors shall take all necessary action to secure the dismissal with prejudice of any such claim.

F.  Nothing in this Release shall be deemed to release a Class Member's right to assert any claims or causes of action that arise from acts, facts, or circumstances arising exclusively after the entry of this Judgment, or preclude any action to enforce the terms of the Settlement Agreement.

**FINAL ORDER AND JUDGMENT**

    G. This Release may be raised as a complete defense to and will preclude any action or proceeding that is encompassed by this Release. The terms of the Release provided by this Agreement are to be broadly construed in favor of Releasees and in favor of the complete resolution of all claims that were actually raised or that could have been raised in the Lawsuit, or that concern or relate in any way to the EGB or the EPR Program as described in subparagraph A above.

  3. Except as otherwise provided in the Settlement Agreement, the Amendment, and this Judgment, Plaintiffs and the Class Members shall take nothing in this Lawsuit and the Court hereby dismisses the claims of Plaintiffs and the Class Members against Defendant with prejudice and without costs.

  4. Class Counsel, jointly and severally, are entitled to be paid attorneys' fees, costs, and expenses in an amount equal to *30*% of the original Total Settlement Amount of $16 million, *i.e.*, the amount of $ *4,800,000* from the original Total Settlement Amount of $16 million to be paid in accordance with the payment terms of the Settlement Agreement.

  5. Named Plaintiffs, Marian R. Wagener and Donald F. Champoux, are each awarded $3,000 as compensation for their contributions to the Class recovery to be paid from the Total Settlement Amount in accordance with the payment terms of the Settlement Agreement.

  6. Without affecting the finality of this Judgment in any way, this Court will retain continuing jurisdiction over all Parties and Class Members solely for purposes of enforcing this Judgment and, pursuant to it, the Settlement Agreement and the Amendment, and may order any appropriate legal or equitable remedy necessary to enforce the terms of this Judgment, the Settlement Agreement, and/or the Amendment.

**FINAL ORDER AND JUDGMENT**

7.  This is a final and appealable judgment.

SO ORDERED.

Dated: _January 23_, 2009.

_Royce C. Lamberth_
Royce C. Lamberth
Chief Judge, United States District Court

10